FILED
United States Court of Appeals
Tenth Circuit

November 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY EUGENE STUTSON,

    Defendant - Appellant.

No. 13–6171
D.C. Nos. 5:12-CV-00915-F and
5:10-CR-00057-F-1
W.D. Okla.

**ORDER DENYING CERTIFICATE OF APPEALABILITY\***

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Larry Stutson pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, cocaine powder in violation of 21 U.S.C § 846. He was sentenced to 312 months in prison and did not file a direct appeal. Instead, he filed a motion under 28 U.S.C. § 2255 asking the district court to undo his sentence on the ground of ineffective assistance of counsel. In a detailed order, the district court denied that request, denied an evidentiary hearing, and denied a certificate of appealability (COA).

Stutson now asks us for a COA so that he may appeal the district court's order. For our part, we may issue a COA only if Stutson first makes a "substantial showing of the

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can do so only by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We conclude that Stutson has failed to make that showing.

In *Strickland v. Washington*, the Supreme Court announced a two-part test that governs ineffective-assistance-of-counsel claims. 466 U.S. 668, 687 (1984). First, "[a] petitioner must show that counsel's performance was deficient." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Second, a petitioner must show that counsel's deficiency "prejudiced the defense." *Id.*

"To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (internal quotation marks omitted); *see Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). A petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To establish *Strickland'*s prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Invoking these principles, Stutson renews two ineffective-assistance claims that he raised in the district court. He argues that counsel was ineffective for failing to inform Stutson that counsel suffered from terminal brain cancer, and that counsel was ineffective because he promised Stutson a 10-year prison sentence if Stutson pleaded guilty.

The district court rejected both claims because they shared a common flaw—a failure on Stutson's part to demonstrate a reasonable probability that, but for defense counsel's errors, he would not have pleaded guilty or at least would have received a different sentence. In short, the district court concluded that Stutson failed to make the requisite showing of prejudice. Having reviewed Stutson's brief, the district court's order, and the record before us, we are of the view that the district court's conclusions were right and that no reasonable jurist could think otherwise.

That would be the end of the matter except Stutson's brief also contains three claims that he didn't raise in the district court. First, he argues that counsel was ineffective because he failed to file a direct appeal even though Stutson allegedly told him to do so. Second, he argues that counsel should have contested Stutson's status as a career offender under the United States Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 4B1.1 (2010). And third, Stutson argues that counsel failed to inform him of the conspiracy element of the conspiracy charge he pleaded guilty to.

Whatever the merits of those claims, they all share a big problem: They weren't raised in the district court. That problem precludes our review because, as we have explained, a prisoner generally may not assert in a COA application an argument not presented first to the district court. *See, e.g.*, *Dockins v. Hines*, 374 F.3d 935, 940 (10th

Cir. 2004) (refusing to consider an argument in a COA application that was not raised in the district court).

We deny Stutson's requests for a COA and for leave to proceed *in forma pauperis* and dismiss this appeal. We remind Stutson that he must pay the filing and docket fees in full to the clerk of the district court.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge